UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Mohamed Aly Saad Aly,** | ) ) ) **VERIFIED PETITION FOR RETURN** |
| Petitioner, | ) **OF MINOR CHILD AND PETITION** ) **FOR IMMEDIATE ISSUANCE OF** |
| v. | ) **SHOW CAUSE ORDER** ) |
| **Amal Aden** | ) ) |
| Respondent. | ) |

**PREAMBLE**

1. Petitioner, Mohamed Aly Saad Aly, brings this Petition pursuant to the Convention on the Civil Aspects of International Child Abduction October 25, 1980, T.I.A.S. 11601 [hereinafter *Hague Convention*] and the International Child Abduction Remedies Act, §§11601 to 11611 (West, Westlaw through P.L. 112-142 (excluding P.L. 112-140 and 112-141) [hereinafter *ICARA*]. The Hague Convention went into effect between the United States and Canada on July 1, 1988. A copy of the Hague Convention is attached hereto as **Exhibit 1.**

2. The objectives of the Convention are as follows: (1) to secure the immediate return of a child or children wrongfully removed or wrongfully retained in any Contracting State; and (2) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States. *H*ague Convention, art. 1.

1

## JURISDICTION

3. This court has jurisdiction pursuant to U.S.C.A. §11603 (West, Westlaw through P.L. 112-142 (excluding P.L. 112-140 and 112-141)) because this case involves the removal and retention of a child under the age of sixteen (16) from her habitual residence of Canada to the United State of America.

## RIGHTS OF CUSTODY

4. Petitioner, Mohamed Aly Saad Aly, [hereinafter *Father*] and Respondent, Amal Aden [hereinafter *Mother*] are the parents of P.H.A.S.A. [hereinafter *Child*], who was born          2011, and who is currently one (1) year old.

5. Father has *rights of custody* within the meaning of art. 3 and 5 of the Hague Convention. Father and Mother began living together on or about May 17, 2010. They married on June 7, 2011 in Kitchener, Ontario, Canada. After the birth of P.H.A.S.A., the parties lived together as a family in Kitchener, Ontario, Canada.

6. At the time of Mother's wrongful removal and retention of the Child, as more specifically set forth below, Father was actually exercising custody rights within the meaning of art. 3 and 5 of the Convention, in that he has been involved in the physical care of P.H.A.S.A. since the child was born, and has not had his custody rights terminated by any legal authority in Ontario, Canada. Attached as **Exhibit 2**, is a true and correct copy of the Affidavit of Helen Gladkykh, Father's Canadian attorney, which further explains Father's rights of custody pursuant to Canadian law and includes the Order from the Canadian Court granting Father sole custody of P.H.A.S.A.

## AGE REQUIREMENT

7. The Child is under the age of sixteen (16) years. The Convention applies to cases in which a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of rights of custody of a Petitioner, which Petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child. Hague Convention, art. 4.

## HABITUAL RESIDENCE

8. P.H.A.S.A. has been a habitual resident in Canada within the meaning of the Hague Convention, art. 3 since her birth until her wrongful removal and retention in the United States on May 3, 2012.

9. The Ontario Superior Court of Justice has declared Ontario, Canada the habitual resident of P.H.A.S.A. *See* Exhibit 2.

10. The Child was born in Canada and attended all medical appointments in Canada from her birth until May 3, 2012. *See* Child's Medical Records, attached hereto as **Exhibit 3**.

## RESPONDENT'S WRONGFUL REMOVAL AND WRONGFUL RETENTION OF CHILD

11. Father requested the return of the Child to Canada by filing a Request for Return of Child in accordance with the Hague Convention on the Civil Aspects of International Child Abduction, a copy of which is attached hereto as **Exhibit 4.** The Application for Return has been filed with the Ministry of the Attorney General, the Central Authority for Ontario, Canada and transmitted to the United States Department of

State, the Central Authority for the United States.

12. The removal of P.H.A.S.A. from Canada violates Canadian law and is a wrongful removal and wrongful retention within the meaning of Article 3 of the Convention. Since wrongfully removing the Child, Mother has wrongfully retained the Child in Minnesota, United States.

13. Mother wrongfully removed the Child from Canada as follows: on May 3, 2012, Mother informed Father that she was attending a doctor appointment with the Child and left in the early morning. Father contacted Mother at the end of the day to check on her and Child. Mother claimed to be on her way home. Mother did not respond to follow up phone calls from Father until 2:00 a.m. on May 4, 2012 when she indicated she would not be returning home.

14. Father contacted members of Mother's family to determine Mother's location. Father reported Mother and Child missing on June 5, 2012 and they were located in Minnesota.

15. Father has not had any contact with Child since Mother wrongfully removed her from Canada.

16. Mother has requested an Order for Protection from Anoka County, Minnesota; however Father has not been served, but understands an Ex Parte Order for Protection is currently in place, pending a hearing to be held August 24, 2012 if service is completed.

17. Father believes Mother and Child are currently residing at 3865 Keyes Street, Columbia Heights, County of Anoka, State of Minnesota.

18. In light of the aforementioned Canadian Law and the Convention, the Child is currently being illegally held in custody, confinement and/or restraint by Mother. Unless this Court takes immediate action to bring Mother before the Court, irreparable harm will occur to the well-being of the Child in that she is denied all proper access to Father, Father's family, and her home and is being wrongfully retained in Minnesota. Unless a show cause order is issued, Father will continue to have no proper contact whatsoever with his child.

19. Father has never acquiesced or consented to the removal or retention of the Child from Canada or the Child's retention outside of Canada.

## PROVISIONAL REMEDIES

20. The Court "[i]n furtherance of the objectives of…the [Hague] Convention…may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the further removal or concealment before the final disposition of the petition." 42 U.S.C.A. § 11604 (West, Westlaw through P.L. 112-142 (excluding P.L. 112-140 and 112-141)).

21. Father requests that the Court issue an Order to Show Cause and direct that the order be *personally* served upon Mother immediately by a United States Marshal and that Mother be brought before this Court forthwith. In a proceeding for the return of a child under the Hague Convention, "[n]o court exercising jurisdiction . . . may . . . order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." *Id*. In this case, the State law referred to herein is that of Minnesota. In Minnesota, the Uniform Child Custody Jurisdiction and

Enforcement Act (hereinafter UCCJEA) is the source for statutory law governing the resolution of both domestic and international child custody disputes.  The UCCJEA addresses the appearance of the parties and the child in such cases.  *See* Minn. Stat. § 518D.210 (West, Westlaw through June 30, 2012).  That section authorizes this Court to order the appearance of the child and custodian or custodians. *Id.*  This Court therefore has the authority to order the immediate appearance of Mother.

22. Additionally, Father believes there is a significant risk Mother will flee the State of Minnesota given that she has a history of hiding hers and the Child's location from Father.  Father requests the Court issue a Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court, taking into safe-keeping all of the Child's travel documents and setting an expedited hearing on the Petition for Return of the Child to Father.

## PETITIONER'S FEES AND EXPENSES

23. Father anticipates incurring expenses in this action for the Child's return. Father will submit a copy of all expenditures as soon as practicable and possible and will amend these costs, from time to time, according to proof and in light of further expenditure required because of this wrongful retention.

24. Father respectfully requests that this Court award all legal costs, fees and travel expenses incurred to secure the Child's return as required by 42 U.S.C.A. § 11607.

## NOTICE OF HEARING

25. Pursuant to 42 U.S.C.A. 11603(c), Respondent shall be given notice of any hearing in accordance with Minn. Stat. § 518D.205 of the UCCJEA. The Convention

itself does not specify any specific notice requirements. ICARA provides that notice be given in accordance with State Law.

## RELIEF REQUESTED

26. **Temporary Restraining Order**. Father requests an immediate temporary restraining order providing the following relief:

    a. Prohibiting Mother from removing P.H.A.S.A. from the jurisdiction of this court while this matter is pending pursuant to 42 U.S.C.A. 11604(a);

    b. Staying all proceedings within the State of Minnesota and the United States regarding P.H.A.S.A.'s custody and care, if any such proceedings remain pending, pursuant to the Hague Convention, art. 16;

    c. Expediting personal service and filing of this matter with the Court Administrator.

    d. Assigning a case number and judicial officer and ordering other administrative steps to allow Father to promptly schedule a hearing in this matter and to expeditiously serve Mother with such immediate order.

27. Father also requests an order providing the following relief:

    e. Directing Mother to appear in this court to show cause why the Child has been kept from Father in contravention of Canadian and U.S. Federal Law;

  f. Directing Mother be brought before this court by any United States Marshal, Federal officer or police officer;

  g. Ordering the Child be returned to Father forthwith based upon the pleadings filed herein;

  h. Awarding attorney's fees and costs pursuant to 42 U.S.C. 11607(b)(3);

  i. Any such further relief as justice and its cause may require.

Dated: <u>August 8, 2012</u>      WALLING, BERG & DEBELE, P.A.

              By: <u>/s/ Allison Maxim</u>
                Nancy Zalusky Berg (#7171)
                Allison Maxim (#353784)
                121 South Eighth Street
                Suite 1100
                Minneapolis, MN 55402
                (612) 340-1150
                Attorneys for Petitioner